Caleb C. Wilkins, WSB #7-5527
Coal Creek Law LLC
211 W. 19th Street, Suite 300
P.O. Box 467
Cheyenne, Wyoming 82001
Ph: (307) 634-1525
Fx: (307) 638-7335
cwilkins@coalcreeklaw.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| WYOMING REPUBLICAN PARTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Docket No. _____ |
| | ) | |
| CHARLES GRAY, Wyoming Secretary of State, in | ) | |
| His official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

---

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

Plaintiff Wyoming Republican Party, by its attorneys, respectfully brings this verified complaint and alleges as follows:

**INTRODUCTION**

1.     The Plaintiff, the Wyoming Republican Party (hereinafter "WYGOP") brings this suit to protect its First Amendment rights of free speech and free association. Wyoming Statutes §22-25-104 makes it illegal for a political party to expend any party funds "directly or indirectly in the aid of the nomination of any one person as against another person of the same political party running in the primary election." This unconstitutionally censors the WYGOP.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the WYGOP's claims arise under the First and Fourteenth Amendments to the Constitution of the United States.

1

This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Civil Rights Act, 42 U.S.C. § 1983.

3.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1)-(2) because the Defendant Wyoming Secretary of State resides in the District of Wyoming and all of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

4.     Plaintiff WYGOP is a private, voluntary association that aims to elect candidates who substantially uphold its platform. The WYGOP promotes the principles of its platform to Wyoming communities and elected officials. It is headquartered in Cheyenne, Wyoming. The WYGOP is a major political party under Wyoming law because its candidates for United States House of Representatives, Governor, and Secretary of State received not less than ten percent of the total votes cast for those respective offices in the 2024 general election. Wyo. Stat. § 22-1-102(a)(xvii). Its central committee is registered with the Wyoming Secretary of State's office and files timely campaign finance reports of the party's contributions and expenditures for every election cycle. *See* Wyo. Stat. §§ 22-25-106(d), 22-25-107(a)(v); *see Political Parties in Wyoming*, WYO. SECRETARY OF STATE, https://sos.wyo.gov/elections/politicalpartyinfo.aspx (last visited May 12, 2026) (copy included as **Exhibit 1**).

5.     Defendant Charles Gray is the Secretary of State of Wyoming. He is sued strictly in his official capacity as the chief election officer for the state of Wyoming. Wyo. Stat. § 22-2-103. The Secretary is required to "maintain uniformity in the applications and operations of the election laws of Wyoming." *Id.* He is charged with assessing complaints for "any violation of the Election Code by any statewide . . . committee" and, if he finds it meritorious, must "refer the complaint to the Wyoming attorney general for investigation and prosecution." Wyo. Stat. § 22-

26-121(a); *see also* Wyo. Stat. § 22-26-121(f)(ii) (including a state party central committee in the definition of a "statewide . . . committee").

## STATEMENT OF FACTS

6.      The WYGOP accepts contributions from natural persons, other political parties and political action committees. These become party funds. The party complies with state campaign finance laws including the limits upon donors who contribute funds dedicated to supporting a particular candidate. *See* Wyo. Stat. § 22-25-102(c), (f).

7.      The WYGOP contributes party funds directly to candidates in general elections for statewide Wyoming state offices such as Governor.

8.      The WYGOP contributes party funds directly to candidates in general elections for non-statewide Wyoming state offices such as the Wyoming House of Representatives.

9.      The WYGOP also expends party funds on speech that expressly supports or opposes candidates in general elections in statewide and non-statewide Wyoming state offices.

10.      Wyoming law restricts contributions and expenditures by the party in opposed primary elections: "No political party funds shall be expended directly or indirectly in the aid of the nomination of any one person as against another person of the same political party running in the primary election." Wyo. Stat. § 22-25-104.

11.      Knowing and willful violation of Wyo. Stat. § 22-25-104 is punishable as a misdemeanor with penalties of up to six months in county jail and a fine of up to $1,000. Wyo. Stat. § 22-26-112(a)(ix).

12.      In 2024, a Wyoming county Republican party and a Wyoming political action committee ("PAC") were subjected to a campaign finance complaint when the party contributed funds to the PAC during the primary election, allegedly to support one Republican candidate over

3

another in a primary election. Maggie Mullen, *WY Freedom PAC returns $25K donation to Crook County GOP after Driskill files complaint*, WYoFILE, Aug. 8, 2024, https://wyofile.com/wy-freedom-pac-returns-25k-donation-to-crook-county-gop-after-driskill-files-complaint/ (copy included as **Exhibit 2**). The PAC returned the contribution. *Id.*

13. On April 25, 2026, the WYGOP adopted the following amendment to Article I, Section 2 of its bylaws:

> The Wyoming Republican Party, through its State and County Central Committees, reserves the absolute First Amendment right to endorse, support, oppose, and provide financial assistance to candidates of its choosing at any point in the election cycle, including prior to a primary election. The Party's decisions regarding the use of its private funds and the content of its political speech are core associational activities. Any state law or administrative rule purporting to limit, restrict, or prohibit this private advocacy is hereby declared unconstitutional and void.

(copy included as **Exhibit 3**).

14. In the 2026 primary election and future primary elections, the WYGOP would like to contribute amounts determined by its leadership to one Republican candidate in various competitive, opposed primaries whom the party determines is most aligned with the WYGOP's platform. But this is prohibited by Wyo. Stat. § 22-25-104.

15. In the 2026 primary election and future primary elections, the WYGOP would like to expend money to publish and distribute guides to voters in various competitive, opposed Republican primaries ranking the candidates based on their alignment with the WYGOP's platform. The guide would expressly endorse the most aligned Republican. But this is prohibited by Wyo. Stat. § 22-25-104.

16. In the 2026 primary election and future primary elections, the WYGOP would like to expend less than $50 in website hosting fees to publish an online voter guide that compares

4

Republicans in opposed primaries and ranks them based on their alignment with the WYGOP's platform. The guide would expressly endorse the most aligned Republican in each respective primary. But this is prohibited by Wyo. Stat. § 22-25-104.

17.    But for Wyo. Stat. § 22-25-104 and the threat of criminal penalties for violating it, the WYGOP would engage in the activities described in paragraphs 14 through 16 in the 2026 primary elections and future primary elections.

## COUNT I - FIRST AMENDMENT

18.    The WYGOP re-alleges and incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

19.    The First Amendment, applicable to the States through the Fourteenth Amendment, protects core political speech and political association, including the right of a political party to express its views about candidates and to associate with the candidates of its choosing. Wyo. Stat. § 22-25-104 directly burdens those rights by prohibiting the WYGOP from using its own funds to speak about, support, or contribute to candidates of its choosing in opposed primary elections.

20.    Section 22-25-104 is a content-based and speaker-based restriction on political speech that singles out a particular class of speakers (political parties) for a particular category of speech (speech aiding the nomination of one candidate over another in a primary). It is therefore subject to strict scrutiny.

21.    Section 22-25-104 cannot survive strict scrutiny. The State of Wyoming has no compelling interest in preventing a political party from expressing a preference among its own primary candidates or in dictating how a political party allocates its private funds among such candidates, and Section 22-25-104 is neither narrowly tailored nor the least restrictive means of advancing any legitimate state interest.

22.    Section 22-25-104 also impermissibly burdens the WYGOP's associational rights by displacing the Party's internal decisions about how to support its preferred candidates with a state-imposed rule of neutrality during the primary. The State may not compel a political party to remain neutral in the selection of its own nominees.

23.    In the alternative, Section 22-25-104 is unconstitutionally overbroad and vague. The statute's prohibition on expending party funds "directly or indirectly in the aid of the nomination" of one candidate over another sweeps in a substantial amount of protected speech, including endorsements, voter guides, and independent expenditures, and fails to give a person of ordinary intelligence fair notice of what conduct is prohibited.

24.    Section 22-25-104, on its face and as applied to the activities described in paragraphs 14 through 16, violates the First Amendment and is therefore unconstitutional, null, and void.

## PRAYER FOR RELIEF

Wherefore, the WYGOP prays for the following relief:

1.    A declaratory judgment that Wyo. Stat. § 22-25-104 is unconstitutional on its face.

2.    A declaratory judgment that Wyo. Stat. § 22-25-104 is unconstitutional as applied to the activities in paragraph 14.

3.    A declaratory judgment that Wyo. Stat. § 22-25-104 is unconstitutional as applied to the activities in paragraph 15.

4.    A declaratory judgment that Wyo. Stat. § 22-25-104 is unconstitutional as applied to the activities in paragraph 16.

5.    Permanent injunctive relief pursuant to 42 U.S.C. § 1983 against the enforcement of Wyo. Stat. § 22-25-104, on its face or as applied.

6.  An order directing the Secretary of State to provide a copy of the judgment in this case to every county clerk in Wyoming.

7.  An order directing the Secretary of State to update future editions of the Election Division's Campaign Guide to reflect the judgment in this case, and to include the decision on the Election Center website at https://sos.wyo.gov/Elections/ until Wyo. Stat. § 22-25-104 is amended by the Wyoming Legislature.

8.  Plaintiff WYGOP's reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988, or any applicable statute or authority.

9.  Any other relief that the Court deems just and appropriate.

DATED this 4th day of June, 2026.

WYOMING REPUBLICAN PARTY

By: */s/ Caleb C. Wilkins*

Caleb C. Wilkins, WSB #7-5527
Coal Creek Law LLC
211 W. 19th Street, Suite 300
P.O. Box 467
Cheyenne, Wyoming 82001
Phone: (307) 634-1525
Facsimile: (307) 638-7335
cwilkins@coalcreeklaw.com

Stephen R. Klein
(pro hac vice admission pending)
BARR & KLEIN PLLC
1629 K St. NW, Ste. 300
Washington, DC 20006
(202) 804-6676
steve@barrklein.com

.

7

## WYOMING REPUBLICAN PARTY VERIFICATION

I, Bryan Miller, declare as follows:

1.  I reside at 2071 Featherbed Lane, Sheridan, WY 82801.

2.  I am chairman of the Wyoming Republican Party ("WYGOP").

3.  I have personal knowledge of the WYGOP's activities, including those set out in this Verified Complaint, and if called upon I would competently testify as to the matters stated herein.

4.  I verify under penalty of perjury under the laws of the United States of America that the factual statements contained in this Verified Complaint concerning the WYGOP's existing and proposed activities are true and correct.

DATED this 26th day of May, 2026.

Bryan Miller